```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

SONY ERICSSON MOBILE           §
COMMUNICATIONS (USA) INC.,     §
et al.,                        §
                               §
            Plaintiffs,        §
                               § Civil Action No. 3:06-CV-0502-D
VS.                            §
                               §
WIRELESS AGENTS, L.L.C.,       §
                               §
                               §
            Defendant.         §

T-MOBILE USA, INC., et al.,    §
                               §
            Plaintiffs,        §
                               § Civil Action No. 3:06-CV-0519-D
VS.                            §
                               §
WIRELESS AGENTS, L.L.C.,       §
                               §
            Defendant.         §

                      MEMORANDUM OPINION
                         AND ORDER

In these two actions seeking declaratory judgments that plaintiffs' devices do not infringe U.S. Patent No. 7,016,182 ("the '182 patent"), entitled, "Physical Configuration of a Hand-Held Electronic Communication Device," and that the '182 patent is invalid and unenforceable, defendant Wireless Agents, L.L.C. ("Wireless") moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Wireless contends there is no actual case or controversy that gives the court subject matter jurisdiction or, alternatively, the court should decline to exercise declaratory judgment

jurisdiction.  For the reasons that follow, the court grants the motions and dismisses these actions without prejudice.[1]

I

Wireless is the patentee and owner of the '182 patent, which is a continuation of United States Patent No. 6,665,173 ("the '173 patent"), which Wireless also owns.  Both patents are entitled "Physical Configuration of a Hand-Held Electronic Communication Device," and they share an identical specification.  The '173 patent issued on December 16, 2003, and the '182 patent issued on March 21, 2006.  Wireless has sued several parties, including the present plaintiffs, for infringing the '173 patent, and those actions are pending in this court.  In No. 3:05-CV-0094-D, Wireless sues T-Mobile USA, Inc. ("T-Mobile"), Danger, Inc. ("Danger"), and Sharp Corporation ("Sharp") based on their manufacture and sale of the Sidekick line of devices, comprising the Sidekick and the Sidekick II.  *See Wireless Agents, L.L.C. v. T-Mobile, USA, Inc.*, 2006 WL 1540587, at *1 (N.D. Tex. June 6, 2006) (Fitzwater, J.).[2]  In No. 3:05-CV-0289-D, Wireless sues Sony Ericsson Mobile

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in these cases, and not for publication in an official reporter, and should be understood accordingly.

[2] Sharp has not brought a declaratory judgment action against Wireless.

Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Sony") for infringing the '173 patent based on products that include Sony's S700i, S710a, and W600 mobile phones. *See, e.g., Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 390 F.Supp.2d 532, 533 (N.D. Tex.) (Fitzwater, J.), *appeal docketed*, No. 05-1054 (Fed. Cir. Nov. 14, 2005).

Sony filed a declaratory judgment action on March 21, 2006, and T-Mobile and Danger filed a similar action on March 22, 2006.[3] Plaintiffs seek declaratory judgments that their devices do not infringe the '182 patent and that the patent is invalid and unenforceable. Wireless moves to dismiss both actions under Rule

---

[3]The court has recently determined in another lawsuit that Danger and Wireless are not diverse citizens. *See Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, No. 3:06-CV-0480-D, slip op. at 5 (N.D. Tex. June 8, 2006) (Fitzwater, J.). The court's jurisdiction in No. 3:06-CV-0519-D is not defeated, however, based on the absence of complete diversity between the parties. Plaintiffs have invoked this court's jurisdiction based, *inter alia*, on 28 U.S.C. § 1331. *See* Compl. ¶ 6. "In the context of declaratory judgments under § 1331, the plaintiff's complaint arises under federal law if the cause of action that the declaratory defendant threatens to assert arises (or would arise) under federal law." *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 18 (1983)). "In the context of a complaint seeking a declaration of noninfringement, the action threatened by the declaratory defendant . . . would be an action for patent infringement. Such an action clearly arises under the patent laws." *Id.* Because plaintiffs seek a declaration that their devices do not infringe the '182 patent, the action that Wireless would threaten—assuming *arguendo* that it would threaten one—would be for patent infringement. Accordingly, the court has federal question jurisdiction in No. 3:06-CV-0519-D.

12(b)(1) and Rule 12(b)(6).[4]  It maintains that it has never accused plaintiffs of infringing any patent other than the '173 patent.  Wireless also posits that the claims of the '173 patent are directed toward a pivoting configuration, that the '182 patent claims are directed toward a sliding configuration, and that the plaintiffs' devices do not infringe the claims of the '182 patent.

                                II

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "parallels Article III of the Constitution, [and] 'requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment.'"  *Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005) (quoting *EMC Corp. v. Norand Corp.,* 89 F.3d 807, 810 (Fed. Cir. 1996)).  "Generally, the presence of an 'actual controversy,' within the meaning of the Act, depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the

---

[4]In No. 3:06-CV-0502-D, Wireless has filed a May 5, 2006 motion to strike plaintiff's response to defendant's motion for limited jurisdictional discovery and a May 5, 2006 motion to strike plaintiff's response to defendant's motion to dismiss.  The court need not decide these motions because they are moot.  The first motion is moot because on May 19, 2006 Wireless withdrew its motion for limited jurisdictional discovery.  The second motion is moot because the court agrees with Wireless, *see infra* note 5, that the admissions on which Sony relies cannot be used in this case.

issuance of a declaratory judgment.'" *Id.* (quoting *EMC Corp.*, 89 F.3d at 810).

> The Federal Circuit has articulated a two-part test to determine whether an "actual controversy" exists in actions involving a claim for a declaration of patent invalidity or noninfringement. Under that test, the declaratory plaintiff must establish both (1) a reasonable apprehension that it will face a patent infringement suit if it commences or continues the activity at issue, and (2) present activity by the declaratory plaintiff that could constitute infringement, or concrete steps taken by the plaintiff with the intent to conduct such activity.

*Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 942 (Fed. Cir. 2006) (citing *Medimmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1379 (Fed. Cir. 2005)).

> There must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity.

*Teva*, 395 F.3d at 1332 (citing *Gen-Probe, Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999); *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)). There must be a real and substantial dispute. *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 879 (Fed. Cir. 1983) ("This requires a real

and substantial dispute affecting the legal rights and obligations of parties having adverse interests."). The apprehension must be of an imminent lawsuit. *Teva*, 395 F.3d at 1333 ("In order for this case to be one fit for judicial review, Teva must be able to demonstrate that it has a reasonable apprehension of *imminent* suit.").

> Whether there is an actual controversy between parties having adverse legal interests depends upon whether the facts alleged show that there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. This requirement of imminence reflects the Article III mandate that the injury in fact be concrete, and actual or imminent, not conjectural or hypothetical.

*Id.* (citations and internal quotation marks omitted). "The test . . . is objective and is applied to the facts existing when the complaint is filed." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988) (citing *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985)).

The court makes this determination under the totality of the circumstances. *See C.R. Bard*, 716 F.2d at 880 ("We therefore hold that an examination of the totality of the circumstances must be made to determine whether there is a controversy arising under the patent laws."). Where the declaratory judgment defendant—the patentee—"has denied the factual allegations that allegedly support the existence of [a] case or controversy, the declaratory plaintiff must prove the existence of facts underlying such

allegations." *Jervis B. Webb Co. v. S. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984). "[T]he existence of a case or controversy must be evaluated on a claim-by-claim basis." *Id.*

III

The court has considered the totality of the circumstances as of the dates plaintiffs filed their complaints. It finds that plaintiffs have not shown that, viewed in their proper context, Wireless has made any explicit threats or has taken other action that has resulted in a reasonable apprehension that plaintiffs face imminent patent infringement suits *based on the '182 patent*. Plaintiffs have at most shown that Wireless is by nature litigious, that it has attempted to use the '182 patent as a bargaining chip in a gambit to secure settlements of litigation involving the '173 patent or to persuade plaintiffs to pay for licensing rights in the '173 patent in connection with a portfolio license, and that it has used the '182 patent application to attempt to bolster its construction of the claims of the '173 patent. But plaintiffs have not shown that Wireless intends to accuse them of, or to sue them for, infringing the '182 patent. To the contrary, Wireless has repeatedly represented in filings in this court that plaintiffs' devices *do not* infringe the '182 patent. *See, e.g.,* D. May 11, Reply Br. 6 in No. 3:06-CV-0502-D (explaining that because Sony's devices have a pivoting configuration, Wireless has never accused any Sony product of infringing the '182 patent, has never

threatened Sony with a patent infringement lawsuit enforcing the patent, and still has no intent to accuse any particular Sony product of infringing the patent or to threaten Sony with a patent infringement lawsuit enforcing the '182 patent); D. March 31, 2006 App. 45-46 in No. 3:06-CV-0519-D (affidavit of Wireless's counsel averring that Wireless has never directly or indirectly threatened T-Mobile or Danger with a lawsuit and has never directly or indirectly identified any product made, sold, offered for sale, imported, or used by T-Mobile or Danger that infringes the '182 patent and, as of the date the complaint was filed, was unaware of any such product that would infringe a claim of the patent).[5]

There can be no doubt that Wireless has aggressively litigated the '173 patent and has used various tactics, including those that employ the '182 patent, to achieve success. But in the face of Wireless's repeated concessions that plaintiffs' products do not infringe the '182 patent and that it does not intend to sue plaintiffs, there is an insufficient predicate to extrapolate Wireless's conduct concerning the '173 patent to the '182 patent. Moreover, the court must avoid the fallacy of blurring the two

---

[5]Sony relies, in part, on the fact that, in No. 3:05-CV-0289-D, it served two requests for admissions on Wireless that effectively asked that it admit that Sony does or does not sell any products that fall within the scope of the claims of the patent application that resulted in the '182 patent. These admissions cannot be used in the present cases. *See* Rule 36(b) ("Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.").

- 8 -

related patents and disregarding Wireless's contrasting positions regarding them. Under the totality of circumstances, the required showing of a reasonable apprehension of imminent patent infringement litigation has not been made.

IV

"Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction." *Teva*, 395 F.3d at 1331 (citing *EMC*, 89 F.3d at 810; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "When there is no actual controversy, the court has no discretion to decide the case. When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary." *Id.* at 1332 (quoting *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631, 634 (Fed. Cir. 1991)).

Even if the court were to hold that there is an actual controversy, it would in its discretion decline to exercise declaratory judgment jurisdiction. First, if there is an actual controversy, it qualifies only by the barest of margins. And given Wireless's repeated concessions that plaintiffs' devices do not infringe the '182 patent, the court concludes that the resources of the court and of the parties are better reserved for other cases, including those necessary to litigate the '173 patent.

Second, plaintiffs have already achieved some of the relief they seek by filing these suits. They have forced Wireless to acknowledge in public filings that it knows of no basis to accuse plaintiffs' devices of infringing the '182 patent. At least some of the tactics that Wireless has employed in negotiations about the '173 patent are now likely feckless.

Third, because the dismissal of these cases is without prejudice, if plaintiffs later develop a reasonable apprehension, they can bring new declaratory judgment actions. And if, despite Wireless's repeated contrary protestations, it does sue them for infringement, plaintiffs can defend on precisely the same grounds that they now assert in these suits: their devices do not infringe the '182 patent, the patent is invalid, and it is unenforceable.

* * *

Wireless's March 31, 2006 motion to dismiss in No. 3:06-CV-0519-D, and its April 6, 2006 motion to dismiss in No. 3:06-CV-0502-D, are granted, and, pursuant to Rule 12(b)(1), these actions are dismissed without prejudice by judgments filed today.

**SO ORDERED.**

June 14, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE